United States District Court
Southern District of Texas
**ENTERED**
February 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| C.H. ROBINSON WORLDWIDE, INC., § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 7:25-CV-00337 |
| § | |
| VICTOR RODRIGUEZ LAW FIRM, § PLLC, and VICTOR RODRIGUEZ, JR., § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff C.H. Robinson Worldwide, Inc. ("C.H. Robinson") hired Defendants Victor Rodriguez Law Firm, PLLC and Victor Rodriguez, Jr. (collectively, "Defendants") to represent it in a personal injury suit in Texas state court. C.H. Robinson claims that Defendants committed malpractice in their representation by repeatedly failing to communicate, file dispositive motions, or otherwise adequately represent C.H. Robinson resulting in significant discovery sanctions and a $3.9 million settlement payment.

Based on this, C.H. Robinson sued Defendants for (1) attorney negligence/malpractice, (2) breach of fiduciary duty, (3) negligent misrepresentation, (4) intentional/fraudulent misrepresentation, and (5) breach of contract. (Dkt. No. 1). It served both Defendants, (Dkt. No. 9), but neither Victor Rodriguez Law Firm, PLLC nor Rodriguez have answered or otherwise appeared in this litigation. C.H. Robinson therefore requested an entry of default from the Clerk. (Dkt. No. 11). The Clerk entered default against both Defendants on October 3, 2025. (Dkt. No. 12). C.H. Robinson now

moves for default judgment. (Dkt. No. 13). For the following reasons, the Court **DENIES** the Motion without prejudice.

I.  **BACKGROUND**

On July 16, 2019, Marco Tulio Aleman, a C.H. Robinson employee, was driving northbound on FM 1015 when he collided with a vehicle being driven southbound. (Dkt. No. 1 at 2). Aleman alleged that immediately preceding the crash he experienced micro sleep episodes due to extreme fatigue. (*Id.* at 3). He further alleged that these episodes caused the crash. (*Id.*). On June 18, 2020, Aleman filed a personal injury action in Texas state court against C.H. Robinson and the other driver involved in the crash. (*Id.*). C.H. Robinson retained Defendants as counsel in that lawsuit. (*Id.*).

According to C.H. Robinson, however, Defendants did not provide adequate representation. (*Id.*). Throughout the pendency of the case, Defendants allegedly failed to respond to emails and phone calls, failed to file dispositive motions, and repeatedly lied to C.H. Robinson about filing motions and requesting continuances. (*Id.* at 3–5). In April 2025, after learning that Defendants had failed to move for a continuance and that the case would shortly be going to trial, C.H. Robinson fired Defendants and hired substitute counsel. (*Id.* at 5). Despite repeated requests, Defendants failed to provide their case file materials to C.H. Robinson until the eve of trial. (*Id.* at 6). Among these files were records of significant discovery sanctions against C.H. Robinson due to Defendants' inadequate representation that resulted in at least $2.1 million in uncontested special damages. (*Id.* at 6–11).

C.H. Robinson was forced to proceed to trial despite having "no ability to call any witnesses, no ability to introduce trial exhibits," and having "admitted liability" due to the extensive discovery sanctions. (*Id.* at 11). The case ultimately settled, and C.H. Robinson was required to pay Aleman a total of $3.9 million. (*Id.* at 11).

C.H. Robinson sued Defendants on July 2, 2025. (Dkt. No. 1). It brought five claims: (1) attorney negligence/malpractice, (2) breach of fiduciary duty, (3) negligent misrepresentation, (4) intentional/fraudulent misrepresentation, and (5) breach of contract. (*Id.* at 12–30). It served both Defendants, (Dkt. No. 9), however, neither Defendant has answered or appeared. C.H. Robinson thus requested an entry of default from the Clerk. (Dkt. No. 11). It also submitted a declaration explaining that neither Defendant had served an answer, filed a responsive pleading, or contacted C.H. Robinson about the case. (Dkt. No. 11-1). Based on this request, the Clerk entered default against both Defendants on October 3, 2025. (Dkt. No. 12). C.H. Robinson now moves for default judgment. (Dkt. No. 13).

## II.   LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the process for obtaining a default judgment. *See* Fed. R. Civ. P. 55. That process consists of three components: (1) a default, (2) an entry of default, and (3) a default judgment. "A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original). "An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise." *Id.* (emphasis in original) (citing Fed. R. Civ. P.

3

55(a)). And "a *default judgment*" is what happens when the "defendant's default has been entered" after the plaintiff "appl[ied] for a judgment based on [the] default." *Id.* (emphasis in original).

Thus, obtaining the clerk's entry of default is a prerequisite to seeking default judgment. *Id.* Accordingly, when a party has not yet obtained the clerk's entry of default, that party's motion for default judgment must be denied. *See, e.g., Allbrook v. Watkins*, No. 4:22-CV-03907, 2023 WL 10554580, at *1 (S.D. Tex. July 11, 2023) (citing cases).

But once the clerk *has* entered default, the plaintiff must show that there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). Once a plaintiff proves jurisdiction, courts must then address three issues to determine whether a motion for default judgment is appropriate: "(1) if a default judgment is procedurally appropriate; (2) if the plaintiff has presented a colorable claim; and (3) how to calculate damages or equitable relief." *Shinsho Am. Corp. v. HyQuality Alloys, LLC*, 694 F.Supp.3d 805, 816–17 (S.D. Tex. 2023) (citing *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020)).

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). Instead, "the entry of default judgment is committed to the discretion of the district judge." *Mason*, 562 F.2d at 345. "'Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party.'" *Axcess Glob. Scis., LLC v. Ozcan Grp., Inc.*, No. 4:23-CV-

02704, 2024 WL 3259700, at *2 (S.D. Tex. July 1, 2024) (quoting *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-04194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013)). That is because a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted).

## III. DISCUSSION

C.H. Robinson asks the Court to enter a default judgment against Defendants and award $3,900,000 in damages plus post-judgment interest. (Dkt. No. 13 at 2). The Court cannot grant that relief based on the current record.

"To obtain a default judgment," a plaintiff "must submit evidence showing that the defendant has been properly served with the summons, complaint, *and the default judgment motion*." *McCarty v. Tacklife Inc.*, No. 6:22-CV-00037, 2024 WL 4028728, at *1 (S.D. Tex. Sept. 2, 2024) (emphasis added); S.D. Tex. Loc. R. 5.5 ("Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested).").

C.H. Robinson has not met the service requirement. Its Motion for Default Judgment does not state whether Defendants were served with the Motion. (Dkt. No. 13). It also provides no evidence that service has occurred—let alone that it complied with Rule 5.5. On this record, default judgment is not appropriate.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Default Judgment Against Defendants Victor Rodriguez, Jr. and Victor Rodriguez Law Firm, PLLC, (Dkt. No. 13), is **DENIED without prejudice**.

It is SO ORDERED.

Signed on February 13, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**